UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CHEF SOLUTIONS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 05 C 6146 |
| PRODUCTION AND MAINTENANCE UNION, LOCAL 101, | ) | Judge John W. Darrah |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chef Solutions, Inc., a Delaware corporation whose principal place of business is located in Wheeling, Illinois, and Defendant Production and Maintenance Union, Local 101, a labor organization, entered into a Collective-Bargaining Agreement ("Agreement"). More than four years prior to its expiration of the Agreement, Defendant Local 101 unilaterally repudiated the Agreement. The Plaintiff now brings this Complaint, seeking to enforce the Agreement, asserting that Defendant Local 101 violated Section 301 of the Labor Management Relations Act ("LMRA") by repudiating the Agreement in its entirety. (Compl. ¶ 7). Currently before the Court is the Defendant's Motion to Dismiss. For the foregoing reasons, the Defendant's motion is granted.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is

1

not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, documents attached to a complaint are considered part of the complaint and may be considered for all purposes. *E.g., Tierney v. Vahle*, 310 F.3d 734, 738 (7th Cir. 2002). Judicial notice may also be taken of matters of public record. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## BACKGROUND

On March 23, 2005, the Plaintiff and Defendant Local 101 entered an Agreement under the authority of Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a). (Compl. ¶ 4). The Agreement provided that it was to remain in force until February 17, 2010, unless terminated by means specified in 8(d) of the NLRA, 29 U.S.C. § 158(d). (Id. ¶ 4).

On March 17, 2005, Defendant Local 101 sent a letter to Region 13 of the National Labor Relations Board ("NLRB"), stating: "Pursuant to the Certification of Results of Election, dated 11 July 2005, Case 13-UD-484, this letter is to notify your office that effective Monday, October 17, 2005, the Production and Maintenance Union, Local 101, hereby disclaims any

2

interest in representing the bargaining unit employees at Chef Solutions, Inc." (Compl., Ex. 3, ¶ 1). The letter stated that the reason for the termination was twofold: ". . . first, an overwhelming majority of the bargaining unit has indicated that they no long wish to be dues or non-member fee payers of the Union, thereby making it economically unfeasible to represent them" and, second, "the Union cannot in good conscience allow a super minority of the bargaining unit to pay for union representation of the majority." (Compl., Ex. 3, ¶ 2)

On October 25, 2005, the Plaintiff filed the instant Complaint against Defendant Local 101.

On November 10, 2005, the Regional Director, Region 13, of the NLRB held a hearing on a Petition for Election under Section 9 (c) of the NLRA. The Petition for Election was brought by Unite Here Local 450, another local union that sought an election to represent the workers employed by the Plaintiff. At the hearing, the Plaintiff asked that the hearing be held in abeyance because the instant case was pending and claimed that the Agreement between the Plaintiff and Defendant Local 101 was a bar to having a new representation election.

In a written opinion dated November 21, 2005, of which this Court takes judicial notice,[1] the NLRB Regional Director declined to hold that matter in abeyance pending the resolution of the instant case:

> In the instant case, there is clearly a question concerning representation. Though the Employer [Plaintiff] has characterized Local 101's disclaimer of interest as a repudiation or anticipatory breach of contract for purposes of its Section 301 lawsuit in federal court, the record evidence in this case shows that the disclaimer was promoted by a deauthorization election filed

---

[1] The Court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

3

> with and conducted by the Board. Whatever contract issues may or may
> not exist, there certainly are representational issues that must be resolved
> with the expertise of the Board – i.e., whether Local 101's disclaimer was
> valid, whether Petitioner's [Unite Here Local 450] petition should be
> processed.

*Chef Solutions, Inc.*, 13-RC-21411, at 3. The Regional Director went on to rule that Defendant Local 101's description of the disclaimer was "clear, unequivocal, and proffered in good faith..." *id.* at 4, and directed an election based on Local 450's petition. The Employer (Plaintiff) sought an appeal of the Regional Director's decision.

On December 22, 2005, the NLRB denied the appeal, stating that the appeal "raises no substantial issues warranting review." *Chef Solutions*, NLRB 13-RC-21411 (Dec. 22, 2005). Thereafter, an election was held, which was won by Unite Here Local 450. The election was certified on January 19, 2006.

## ANALYSIS

Defendant Local 101 prosecutes this motion on several grounds. First, it alleges that the Court has no jurisdiction to hear this Complaint because the Court lacks subject matter jurisdiction over the issues raised in the Complaint because the Court's authority is preempted by the authority of the NLRB, citing *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) (*Garmon*). Second, that the case is moot because the NLRB has ruled that Local 101 no longer represents the workers at Chef Solutions and that the Agreement is null and void. Lastly, the Court lacks jurisdiction because it asserts that the Plaintiff waived the right to bring this lawsuit for failing to file a grievance, in accordance with the terms of Section C of the Agreement.

4

The core of Defendant Local 101's first jurisdictional argument is that representation over the employees at Chef Solutions has been adjudicated by the NLRB in Local 101's favor. By bringing a Section 301 lawsuit, Defendant Local 101 asserts, the Plaintiff is attempting to usurp the NLRB's power to determine the proper representative of affected workers. According to Defendant Local 101, the Court's jurisdiction is preempted according to the *Garmon* preemption doctrine.

The Plaintiff counters that *Garmon* preemption does not apply because preemption is "not relevant" to lawsuits arising under Section 301 of the LMRA. Section 302 of the LMRA provides that District Courts have jurisdiction over matters such as presented in the instant lawsuit, citing the LMRA at 29 U.S.C. § 185 (a), (c), and *inter alia Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 102 n.9 (1962) ("Since this was a suit for violation of a collective bargaining contract within the purview of Section 301(a) . . . , the pre-emptive doctrine of cases such as [*Garmon*], based on the exclusive jurisdiction of the National Labor Relations Board, is not relevant").

In *Richards v. Local 134, IBEW*, 790 F.2d 633 (7th Cir. 1986), the court held that "if the statutory requirements of section 301 are satisfied, a federal court *must* exercise the authority granted by that section to hear labor contract disputes." *Richards*, 790 F.2d at 636 (emphasis added). Therefore, this Court has subject matter jurisdiction over Section 301 claims. 29 U.S.C. § 185 (a), (c).

However, Plaintiff's Complaint based on Section 301 cannot be used to enforce a collective-bargaining agreement that does not exist. Representational issues fall within the primary jurisdiction of the NLRB. *Hope Electrical Corp.*, 339 NLRB (2003). Under certain

circumstances, "unions are free to disclaim interest in representing employees without violating the Act." *In re Bake Line Products*, 329 NLRB No. 29, at (NLRB. Sept. 1999). If there was a valid disclaimer, it legally voids the collective-bargaining agreement. Once a union has lawfully disclaimed interest in representing certain workers, then it necessarily follows that there is no longer a valid collective-bargaining agreement between the union and the employer. *Id.* In the absence of a valid contract, a suit to enforce such a contract may not be sustained.

Here, the Regional Director found that Defendant Local 101 validly disclaimed representation and recognized that the disclaimer was prompted by a deauthorization election filed with and conducted by the Board. New elections were authorized and have taken place. Thus, the Agreement was terminated upon the valid disclaimer; and, therefore, the Plaintiff may not now seek to enforce that (invalid) contract through Section 301.

Defendant Local 101's third argument, which is related to grievance procedures, need not be addressed.

## CONCLUSION

It would not be possible to hypothesize facts, consistent with the Complaint, that would allow the Plaintiff to make out a claim under Section 301, the sole basis for the Complaint. *Graehling*, 58 F.3d at 297. For the foregoing reasons, Defendant Local 101's Motion to Dismiss is granted.

Dated: 6/19/06

JOHN W. DARRAH
United States District Court Judge